IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

FILED
2010 NOV 1 PM 4 27
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 08-76-GF-SEH |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING MOTIONS |
| JOHN PAUL DEWEY, | |
| Defendant/Movant. | |

This case is before the Court on Defendant/Movant John Dewey's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. On September 15, 2010, the United States filed an Answer to the motion. Since then, Dewey has since filed additional motions raising various claims.

*1. Motion Under Fed. R. Crim. P. 36 and Fed. R. Civ. P. 60(b)*

Dewey asserts the United States breached the plea agreement's requirement that it "recommend that [Dewey] receives a reduction in his advisory guideline sentence range." Omnibus Mot. (doc. 110) at 1-2. The United States fulfilled its promise. Sentencing Tr. (doc. 74) at 9:8-11; Presentence Report ¶¶ 28-30. Dewey's allegations of breach, Omnibus Mot. at 1-3, are frivolous.

ORDER DENYING MOTIONS / PAGE 1

## *2. Motions for Transfer and Reassignment*

This case is properly venued in Great Falls and belongs in this Court. Rule 4(a), Rules Governing § 2255 Proceedings ("The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence"); Indictment (doc. 1) at 1 (alleging conspiracy "at Great Falls"); D. Mont. L.R. 1.9(c). Dewey's claims, Omnibus Mot. at 5, 8, lack any substance and are frivolous.

## *3. Foreclosed Defense*

Dewey claims that "counsel foreclosed a potential defense." Omnibus Mot. at 6. Of course he did; he counseled Dewey to plead guilty. Unless Dewey lied under oath – and he wisely does not claim he did – there was a factual basis for his guilty plea. Change of Plea Tr. (doc. 87) at 28:6-7 ("I helped her [Sharon Olson] distribute methamphetamine.");[1] Presentence Report ¶ 17 ("In Jan. I helped Mrs. Olson to Distribute a substance containing traces of meth totaling 23.5 grams."). The question raised by the § 2255 motion is whether Dewey would have chosen to go to trial if counsel had advised him of a realistic possibility that his sentence would be enhanced under the career offender provisions of U.S.S.G. § 4B1.1. Dewey's claim about a

---

[1] The record of the case contains two copies of the transcript of the Change of Plea Hearing. The version cited here is the one attached to the United States' Answer (doc. 107-2). The two versions occasionally vary in their paragraphing, but in substance they are identical. Change of Plea Tr. (doc. 73) shows this same statement at 28:2-3.

ORDER DENYING MOTIONS / PAGE 2

"foreclosed defense" and his reference to Brady, Omnibus Mot. at 6, are irrelevant to this action.

### 4. Reckless Endangerment

Dewey objects to the United States' mention of a car accident in its Answer. Omnibus Mot. at 7. The accident was discussed by Dewey's mother at sentencing. Sentencing Tr. at 10:13-13:7. It played no role in the career offender enhancement, which relied on Dewey's "two prior felony convictions for controlled substance offenses." Presentence Report ¶ 27. The argument is frivolous.

### 5. Dewey's "Alleged" Career Offender Status

Dewey claims that he cannot be designated a career offender based on a drug conspiracy conviction. He can. U.S.S.G. § 4B1.2(b) & Application Note 1. With one exception, the cases he cites, Omnibus Mot. at 7-8, predate the Sentencing Commission's re-promulgation of Application Note 1, effective November 1, 1995. The exception is United States v. Williamson, 183 F.3d 458 (5th Cir. 1999), but the court's decision on that case was based on the law pre-dating the Sentencing Commission's re-promulgation of Application Note 1 to U.S.S.G. § 4B1.2. Dewey's argument is frivolous. It is also precluded by the appellate court's decision in his case. United States v. Dewey, 599 F.3d 1010, 1014-15 (9th Cir. 2010); United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997); United States v. Scrivner, 189 F.3d

825, 828 n.1 (9th Cir. 1999).

### 6. *Motion to Reconsider*

Dewey asks the Court to reconsider its previous decision denying his motion to compel trial counsel James Obie to release all correspondence. As was previously stated, "The order granted the United States' motion to compel; it did not address Obie himself." Order (doc. 109) at 1. Dewey simply ignores this fact. In addition, despite the Court's previous notation, id., Dewey also ignores the United States' assertion that Obie gave the letters Dewey wrote to him to new counsel Mark Meyer. Answer (doc. 107) at 10 n.1. Dewey has the correspondence and Obie does not. His motion is frivolous.

**ORDERED**:

1. Dewey's "omnibus" motion (doc. 110) is DENIED.

2. Dewey's motion to reconsider (doc. 111) is DENIED.

3. Dewey's § 2255 motion (doc. 96) remains pending and will be addressed in a separate Order.

DATED this 1st day of November, 2010.

Sam E. Haddon
United States District Court