IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 08-76-GF-BMM |
| Plaintiff, | |
| vs. | ORDER |
| JOHN PAUL DEWEY, | |
| Defendant. | |

Defendant Dewey moves the Court for compassionate release under 18

U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic.  He is currently

serving a 224-month sentence for a federal drug offense.  *See* Judgment (Doc. 66).

His projected release date is July 11, 2024.  *See* Inmate Locator, www.bop.gov/

inmateloc (accessed Mar. 29, 2021).

As of March 29, 2021, no inmates and one staff member at FCI Lompoc,

California, where Dewey is incarcerated, currently test positive for the virus or

disease.  Six hundred twenty-seven inmates and 22 staff members have recovered.

Three inmates died.  *See* Interactive Map, www.bop.gov/ coronavirus (accessed

Mar. 29, 2021).

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court

may reduce Dewey's sentence if "extraordinary and compelling reasons warrant

such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).[1]  The applicable factors from §

3553(a) may include the "nature and circumstances of the offense and the history

and characteristics of the defendant," the need for the sentence "to reflect the

seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense," to deter criminal conduct and protect the public, and

to provide effective correctional treatment, including education or vocational

training and medical care.  *See* 18 U.S.C. § 3553(a)(1), (2).  The Court may also

consider the advisory guideline range and the need to "avoid unwarranted

sentencing disparities" among similarly situated defendants and to provide

---

[1]  The statute provides that any sentence reduction must be consistent with the applicable policy statement in the Sentencing Guidelines.  *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018).  But the guideline has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions.  To date, the Ninth Circuit has not addressed the issue, but other appellate courts have concluded that U.S.S.G. § 1B1.13 applies only to motions for release filed by the Director.  *See, e.g.*, *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020).  Whether the guideline is legally binding or not, it might be a useful *guideline* in evaluating the motion.

restitution to victims.  *See id*. § 3553(a)(A), (6)–(7).

The United States concedes that Dewey's motion is properly before the Court and that Dewey's health issues constitute an extraordinary and compelling reason to release him.  It contests Dewey's suitability for release under 18 U.S.C. § 3553(a).  *See* U.S. Resp. (Doc. 174) at 2.

Dewey's record is troubling.  In December 1988, when he was 18 years old, he drove a vehicle under the influence of marijuana and collided with another vehicle.  His two passengers were killed, the other driver was seriously injured, and so was he.  He was convicted of three counts of negligent endangerment and sentenced to one year in jail, 1,000 hours of community service, and two years' probation.  *See* Presentence Report ¶¶ 32, 53, 56.  In 1990, at the ages of 19 and 20 he sold 100 hits of LSD for $350 and an eight-ball of cocaine for $275, and he forged some checks for about $1,700.00.  *See id*. ¶¶ 33–35.  At 25, in 1995–1996, he assaulted two girlfriends.  He served two days in jail in one case and no jail time in the other, but the suspended portions of his drug sentences were revoked, and he was sentenced to five years in the custody of the Department of Corrections.  *See id*. ¶¶ 33, 35, 36–37; *see also id*. ¶ 44 (dismissed charge).

In 2003, at the age of 33, Dewey stole a screwdriver and received a suspended sentence.  He also tried to manufacture methamphetamine.  *See*

3

Presentence Report ¶¶ 38–39.  For the manufacturing offense, he was sentenced to 12 years in prison with five years suspended.  He was released on parole on November 23, 2005, less than two years after committing the offense.  *See id.* ¶ 39.

Then, in January and February of 2008, at the age of 37 and when he was on parole for the manufacturing offense, Dewey committed the instant offense by making three sales to an undercover informant.  *See id.* ¶¶ 10–12.  He was responsible for 22 grams of methamphetamine, consisting of 14 grams of a substance containing at best 16% methamphetamine and eight grams of pseudoephedrine that he managed to palm off as methamphetamine.  *See* Presentence Report ¶¶ 10–12 & Addendum at 1.

Dewey is now 50 years old.  His advisory guideline range for the instant offense would have been 37 to 46 months but for a career offender enhancement. It resulted in an advisory guideline range of 188 to 235 months.  As the Court said in its previous order, *see* Order (Doc. 171) at 3, neither range accurately reflects the nature and circumstances of the offense or Dewey's history and characteristics. He has made a career of disregarding the law, but his offenses are not remotely comparable to the major drug trafficking offenses that have put other defendants in the career-offender category.

A sentence of 224 months overstates Dewey's history, the nature of the

4

current offense, and the risk his conduct poses to the community.  Especially in view of the continuing threat to Dewey's health from the global pandemic and inadequately understood variants of the original SARS-CoV-2 virus, a sentence consisting of the 154 months Dewey has served to date better meets the objectives of 18 U.S.C. § 3553(a).

Accordingly, IT IS ORDERED:

1.  Dewey's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 172) is GRANTED.

2.  As of the date of this Order, Dewey's sentence is REDUCED to time served.

3.  This Order is STAYED for up to 30 days.

4.  If Dewey has already received the first dose of a two-dose vaccine regimen, he will not be released until two weeks after he receives the second dose. If he has not received any vaccine, he may advise the Court whether he wishes to delay his release until he has been vaccinated.  But Dewey cannot choose which vaccination he receives.

5.  The United States Probation Office must verify Dewey's residence and establish a release plan with a provision for home confinement.  Appropriate travel arrangements must also be made.

5

6.  Dewey shall be released on the *later* of the following dates:

A.     The 15th day after he receives the second of a two-shot vaccine
regimen or the first of a one-shot regimen; or

B.     When the Probation Office is satisfied that the requirements of
paragraph five are met.

7.  If more than 30 days are needed to accomplish Dewey's release, the
United States must so notify the Court and demonstrate good cause why the stay of
this Order should be extended.

8.  The United States Probation Office shall review Dewey's conditions of
supervised release.  If modifications are needed, the Probation Office shall notify
the Federal Defenders of Montana.  The motion for counsel (Doc. 176) is MOOT.

9.  Dewey must provide the Court with the complete address where he will
reside upon release.

10.  The United States must ensure Dewey is closely monitored for any signs
of COVID-19 and must immediately advise counsel, the Court, and the United
States Probation Office should Dewey become ill or test positive for the virus or
the disease before his release.

DATED this 30th day of March, 2021.

Brian Morris, Chief District Judge
United States District Court

cc:    USPO
       USM
       CJA/Holton